**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4711**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD OLSHINSKI,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:05-cr-00289-WLO)

―――――――――

Submitted: December 20, 2006      Decided: January 26, 2007

―――――――――

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Olshinski pled guilty to one count of knowingly possessing child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (2000). The district court sentenced him to one hundred months' imprisonment. Olshinski appeals his sentence on the ground that it is unreasonable. For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts must still calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 433. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Olshinski post-Booker, appropriately treated the guidelines as advisory, and considered the § 3553(a) factors. Hence, we reject Olshinski's contention that the district court applied erroneous legal standards in

- 2 -

determining his sentence.  Olshinski's one hundred month sentence falls within the calculated guideline range, and the sentence is well within the ten-year statutory maximum.  <u>See</u> 18 U.S.C. § 2252A(b)(2).  Therefore, we find that the sentence is reasonable.

Accordingly, we affirm Olshinski's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>